FILED
2017 Sep-07 PM 04:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ANTHONY ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:16-cv-00245-SGC |
| ) | |
| SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| COMMISSIONER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

The plaintiff, Anthony Roberts, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). (Doc. 1). Mr. Roberts timely pursued and exhausted his administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 9). For the reasons that follow, the Commissioner's decision is due to be affirmed.

### I.  FACTS, FRAMEWORK, AND PROCEDURAL HISTORY

Mr. Roberts applied for DIB and SSI benefits on July 17, 2012. (R. 21). These claims were initially denied on November 19, 2012. (*Id.*). After holding a

hearing on February 26, 2014, the Administrative Law Judge ("ALJ") denied Mr. Roberts' claims on June 19, 2014. (*Id.*; R. 30). Mr. Roberts was thirty years old at the time of the ALJ's decision and has a GED. (R. 38-39). His past work experience includes employment as a server in a restaurant, an electrician helper, and a construction worker. (R. 39, 50-52, 148, 162). Mr. Roberts claims he became disabled on August 6, 2009. (R. 21).

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *Doughty v. Apfel,* 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is performing substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in substantial gainful activity, he or she is not disabled and the evaluation stops. *Id.* If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to consider the combined effects of all the claimant's physical and mental impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet durational requirements before a claimant will be found disabled. *Id.* The decision depends on the medical evidence in the record. *See Hart v. Finch,* 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops.

20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, at which the Commissioner determines whether the claimant's impairments meet the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairments fall within this category, the claimant will be found disabled without further consideration. *Id.* If the impairments do not fall within the listings, the Commissioner determines the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e).

At step four the Commissioner determines whether the impairments prevent the claimant from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, he or she is not disabled and the evaluation stops. *Id.* If the claimant cannot perform past relevant work, the analysis proceeds to the fifth step, at which the Commissioner considers the claimant's RFC, as well as the claimant's age, education, and past work experience to determine whether he or she can perform other work. *Id.*; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can do other work, he or she is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found Mr. Roberts had not engaged in SGA since the alleged onset of his disability. (R. 23). At step two, the ALJ found Mr. Roberts suffered from the following severe impairments: right

eye blindness, left shoulder osteoarthritis, partial tear of left rotator cuff, left shoulder impingement, and cellulitis. (R. 24).

At step three, the ALJ found Mr. Roberts did not have an impairment or combination of impairments meeting or medically equaling any of the listed impairments. (R. 25). Before proceeding to step four, the ALJ determined Mr. Roberts had the RFC to perform sedentary work as defined in 20 CFR §§ 404.1567(a) and 416.967(a) with the following limitations: (1) no climbing of ropes, ladders, or scaffolds; (2) no work at unprotected heights or with hazardous machinery; (3) lifting with the left, non-dominant arm limited to no more than ten pounds; (4) occasional overhead reaching bilaterally; (5) work not requiring binocular vision with long term blindness in one eye; and (6) no concentrated exposure to extreme heat or cold. (R. 26).

At step four, the ALJ determined Mr. Roberts was unable to perform any of his past relevant work. (R. 28). Because Mr. Roberts' RFC did not allow for the full range of sedentary work, the ALJ took testimony from a vocational expert ("VE"). The ALJ found Mr. Roberts could perform jobs such as surveillance system monitor, telephone quote clerk, and assembler. (R. 29). The ALJ concluded his decision by finding Mr. Roberts was not disabled under 20 CFR 404.1520(g) and 416.920(g). (*Id.*).

## II. STANDARD OF REVIEW

A court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). A court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, a court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if a court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is

supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III. DISCUSSION

Mr. Roberts contends the ALJ's decision should be reversed and remanded for two reasons: (1) the Commissioner improperly discounted Mr. Roberts' credibility regarding his subjective pain testimony; and (2) the ALJ failed to properly consider if Mr. Roberts' pain and other symptoms caused by the combination of severe and non-severe impairments would affect his ability to perform the unskilled sedentary jobs identified by the VE. (Doc. 11 at 11-14). Each contention is addressed in turn.

### A. Plaintiff's Subjective Pain Testimony

The Eleventh Circuit has established a three-part pain standard to assess a claimant's subjective pain testimony:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test

6

> showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see Holt v. Sullivan,* 921 F.2d 1221, 1223 (11th Cir.1991). An individual's statement as to pain is not conclusive evidence of disability; there must also be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, to support the statement. 42 USC § 423(d)(5)(A). Thus, a claimant's subjective pain testimony supported by medical evidence supports a finding of disability. *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir.1995).

The determination of whether a medical condition can reasonably be expected to give rise to pain is a question of fact subject to the substantial evidence standard of review. *Lamb v. Bowen*, 847 F.2d 698, 702 (11th Cir. 1988). Additionally, when a claimant cannot afford prescribed treatment and cannot find an alternative method of obtaining it, he is excused from noncompliance. *See Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988). Inconsistencies in the record allow the ALJ to choose between conflicting evidence and make his own credibility assessment. *See Wind v. Barnhart*, 133 F. App'x 684, 691 (11th Cir. 2005); *Parker v. Colvin*, 972 F. Supp. 2d 1267 (N.D. Ala. 2013) (ALJ's credibility assessment sustained because doctor specifically noted pulmonary condition was only mild in nature).

The ALJ found Mr. Roberts' testimony to be less than fully credible due to: (1) his failure to pursue further treatment; (2) minor findings upon physical examination; and (3) inconsistencies between his allegations of pain and other evidence. On appeal, Mr. Roberts' arguments focus on the ALJ's failure to account for his inability to afford treatment. (Doc. 11 at 13).

The ALJ cited several examples of specific instances in which Mr. Roberts failed to obtain further treatment. First, Mr. Roberts failed to obtain physical therapy for his left arm. (R. 27). Second, Mr. Roberts failed to follow-up with another doctor or go to physical therapy after receiving treatment for his right arm and cervical spine injury. (R. 25). Third, Mr. Roberts failed to seek headache treatment until after his disability applications were denied; even then, he sought treatment only once in July 2013, after which his headache resolved. (R. 27). Moreover, there was a significant gap in time between his three treatments for cellulitis. (*Id*.). Notably, Mr. Roberts testified he couldn't afford shoulder surgery but did not contend that he was unable to afford treatment for his various conditions prior to December 2013. Accordingly, Mr. Roberts' arguments concerning his inability to afford further treatment do not require reversal. *See Dawkins*, 848 F.2d at 1213.

Additionally, several doctors noted mild findings upon physical examination of Mr. Roberts. An MRI showed a minor disc extrusion of Mr. Roberts' cervical

8

spine. (R. 24). On physical examination, Dr. Kevin Thompson noted surgical repair of Mr. Roberts' left rotator cuff was likely unnecessary. (R. 27). This evidence contradicts Mr. Roberts' assertions and provides substantial evidence supporting the ALJ's decision to discount his subjective pain testimony. *See Parker*, 972 F. Supp. 2d at 1267.

Furthermore, there are several notable inconsistencies between Mr. Roberts' allegations and other evidence in the record. When Mr. Roberts sought emergency room treatment for his ankles in December 2013, he did not mention any issues regarding his right arm or cervical spine. At the time, Mr. Roberts was able to ambulate on crutches without difficulty. (R. 25). Also, Mr. Roberts' description of the intensity and frequency of his headaches varied greatly on two different reports in August 2012. (R. 27). He reported daily headaches on one report, but he reported weekly headaches on another. (*Id.*). Moreover, Mr. Roberts' description of his ability to lift or reach with his left arm also varied considerably. In May 2012, Mr. Roberts injured his left arm, but he did not report any problems with lifting or reaching in August 2012. (*Id.*). Additionally, Mr. Roberts did not originally claim that cellulitis limited his ability to work; in his August 2012 Function Report, Mr. Roberts noted he could take walks around his neighborhood. (*Id.*).

After examining all of the evidence, the ALJ determined "the claimant's allegations regarding the intensity, persistence, and limiting effects of the symptoms of his right arm neuroparxia and C5-C6 disc extrusion are not entirely credible in light of the medical evidence." (R. 25). After considering the pain standard, the ALJ concluded "the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Mr. Roberts' statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (R. 26-27).

By noting significant inconsistencies in the record and minor findings upon examination, the ALJ properly articulated reasons for rejecting aspects of Mr. Roberts' subjective pain testimony. *See Costigan v. Comm'r, Soc. Sec.,* 603 F. App'x 783 (11th Cir. 2015) (ALJ did not err in discrediting claimant's subjective complaints after specifically articulating reasons for rejecting the complaints). Accordingly, even setting aside Mr. Roberts' ability to afford more intensive treatment, there is substantial evidence to support the ALJ's finding that Mr. Roberts' subjective pain testimony was less than fully credible. For the foregoing reasons, the ALJ's conclusion regarding Mr. Roberts' subjective pain testimony does not warrant reversal.

## B. Combined Effect of Severe and Non-Severe Impairments

When evaluating a claimant's disability, an ALJ must consider the combined effects of all impairments. *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987). A disability claimant's impairments should be evaluated holistically, not in isolation. *Davis v. Shalala*, 985 F.2d 528, 532-33 (11th Cir. 1993). When "a claimant has alleged a multitude of impairments, a claim for social security benefits based on disability may lie even though none of the impairments, considered individually, is disabling." *Bowen,* 748 F.2d at 635. "It is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled." *Id*.

An ALJ's reference to a claimant's "combination of impairments" suffices to demonstrate consideration of their cumulative effects. *Coleman ex rel. J.K.C. v. Comm'r of Soc. Sec.,* 454 F. App'x 751 (11th Cir. 2011) (citing *Jones v. Dep't of Health and Human Servs*, 941 F.2d 1529, 1533 (11th Cir. 1991)). Furthermore, a finding by an ALJ that a claimant retains the residual functional capacity to perform sedentary work must be supported by medical evidence. *Bruet v. Barnhart*, 313 F. Supp.2d 1338, 1344-45 (M.D. Fla. 2004); s*ee Gordon v. Astrue*, 249 F. App'x 810 (11th Cir. 2007) (ALJ properly considered the totality and severity of the claimant's limitations by considering all symptoms, medical

opinions, and the claimant's own subjective allegations, which he found to be only partially credible).

Mr. Roberts contends his severe and non-severe impairments combine to render him unable to perform the sedentary jobs listed by the VE. Mr. Roberts claims the injury to his right hand has affected his ability to grasp or handle objects with his right hand; he alleges he cannot write or button his shirt at times. (Doc. 11 at 12). Next, Mr. Roberts claims his cervical spine injury makes it difficult to look down or turn his head side-to-side. (*Id.*). Mr. Roberts also claims his amblyopia and headaches will negatively affect his ability to concentrate. (*Id.*). Finally, Mr. Roberts contends that he experiences severe pain in his feet from cellulitis which would also affect his ability to perform sedentary work. (*Id.* at 13).

Here, the ALJ explicitly stated he "considered Mr. Roberts' impairments individually and in combination, and these impairments do not meet or equal any of the medical or mental listings." (R. 25). This declaration by the ALJ is sufficient to demonstrate his consideration of the cumulative effect of Mr. Roberts' severe and non-severe impairments. *See Coleman,* 454 F. App'x at 751. After evaluating all symptoms, medical opinions, and Mr. Roberts' allegations, the ALJ discussed specific medical evidence to explain why Mr. Roberts' severe and non-severe impairments failed to meet the respective criteria of Listing 2.02, Listing 1.02, and Listing 8.04. (R. 26).

The ALJ found Mr. Roberts did not meet the loss of visual acuity requirements in Listing 2.02 because the vision in his left eye was 20/40 without correction. (*Id.*). Next, the ALJ found Mr. Roberts did not meet the joint dysfunction requirements in Listing 1.02 because only one of the major peripheral joints was impaired. (*Id.*). Finally, the ALJ found Mr. Roberts did not meet the chronic skin or mucous infection requirements of Listing 8.04 because there was no evidence of extensive infections persisting for at least three months despite continued treatment. (*Id.*).

Accordingly, the ALJ adequately addressed each of Mr. Roberts' claimed severe and non-severe impairments and provided a well-articulated response for each individually, as well as in combination. *See Gordon,* 249 F. App'x at 810. Therefore, the ALJ properly considered the pain and other symptoms caused by all of Mr. Roberts' impairments, both severe and non-severe, when determining that Mr. Roberts did not have an impairment or combination of impairments which met or medically equaled the severity of one of the listed impairments.

For all of the foregoing reasons, the undersigned concludes the ALJ properly considered Mr. Roberts' impairments, both individually and in combination. Accordingly, Mr. Roberts' arguments concerning the combined effects of his impairments do not warrant reversal.

## IV. CONCLUSION

Upon review of the administrative record, and considering all of Mr. Roberts' arguments, the court finds the Commissioner's decision is supported by substantial evidence and is in accord with the applicable law. Accordingly, the Commissioner's decision is due to be affirmed. A separate order will be entered.

**DONE** this 7th day of September, 2017.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE